UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Brian Keith Jourdain,<br><br>Defendant. | Crim. No. 24-298 (JWB/LIB)<br><br>ORDER ACCEPTING<br>REPORT & RECOMMENDATION<br>OF MAGISTRATE JUDGE |

Carla Baumel, Esq., and Lauren Olivia Roso, Esq., U.S. Attorney's Office, counsel for Plaintiff.

James S. Becker, Esq., Office of the Federal Defender, counsel for Defendant.

Defendant Brian Keith Jourdain moves to suppress statements made to FBI Special Agent Paul Voss ("SA Voss") during an interview on November 1, 2024. (Doc. No. 34.) These statements served as the basis of his indictment for assault by strangling in violation of 18 U.S.C. §§ 113(a)(8), 1151, and 1153(a). (Doc. No. 1.) On July 16, 2025, Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") that recommended denying Defendant's motion. (Doc. No. 51.) Defendant has objected to the R&R (Doc. No. 54), and the Government has responded (Doc. No. 55.) For the following reasons, Defendant's objections are overruled, and the R&R is accepted.

## BACKGROUND

The factual and procedural background of this matter is thoroughly documented in the R&R and incorporated here by reference. Neither party disputes the background as set forth in the R&R. (*See, e.g.*, Doc. No. 54 at 2; Doc. No. 55 at 1.)

In brief, SA Voss interviewed Defendant on November 1, 2024, at the Minnesota Correctional Facility in Rush City, where Defendant was serving an unrelated state sentence. (Doc. No. 51 at 12–13.) This was the third interview in a little over a year that SA Voss had conducted with Defendant as part of a federal investigation into Defendant's transfer of obscene material to a minor. (*Id.*) The interview lasted approximately 45 minutes and took place in a private meeting room with two doors—one closed and another propped open. (*Id.* at 13, 15.)

SA Voss and Defendant started off conversationally as they discussed growing up in the same town and Defendant's plans after his release. (*Id.* at 13.) SA Voss then informed Defendant that he needed to advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), before providing him with "updates" on his case. (*Id.* at 14.) After SA Voss read him his rights, Defendant read aloud and signed a statement confirming his understanding of those rights. (*Id.*) During the ensuing interview, SA Voss broached the topic of the strangling and Defendant's relationship to the victim. (*Id.* at 15.) Defendant admitted that he had choked the victim during an argument and removed her phone and car keys from her car. (*Id.*)

After his indictment, Defendant moved to suppress the statements made to SA Voss on November 1, 2024.[1] (Doc. No. 34.) The R&R recommends denying the motion because the Government "met its burden in showing by a preponderance of the evidence that Defendant knowingly, voluntarily, and intelligently waived his *Miranda* rights." (Doc. No. 51 at 16.)

## DISCUSSION

### I.     Standard of Review

District courts review the portions of a magistrate judge's R&R to which a party objects de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A district judge may accept, reject, or modify all or part of the findings or recommendations. *See id.*

### II.    Analysis

Defendant asserts that his statements to SA Voss should be suppressed for two reasons: (1) the waiver of his *Miranda* rights was ineffective because it was not made knowingly, intelligently, or voluntarily and (2) the interrogation tactics used by SA Voss to elicit the self-incriminating statements were improper and coercive. The R&R rejects these arguments and finds that Defendant's waiver was valid, and his confession was not the result of improper coercion. (Doc. No. 51 at 19–20, 27.) Having carefully reviewed

---

[1]     Defendant's Motion to Suppress states that the interview occurred on November 8, 2024; however, it appears that the interview actually took place on November 1, 2025. *Compare* Doc. No. 34 at 1 (seeking suppression of statements made on November 8, 2024), *with* Doc. No. 45 (Defendant's memorandum noting interview occurred on November 1, 2024) and Gov't Ex. 2 (transcript of November 1, 2024 interview).

the record, the Court concludes that the R&R's analysis is well-reasoned and correctly applies the law.

Defendant's first objection to the R&R's finding of a valid *Miranda* waiver fails because the record substantiates both an express and implicit waiver. Defendant initially confirmed his understanding and acceptance of the FBI Advice of Rights Form, which was read aloud, presented on paper, and signed by Defendant. *See* Gov't Ex. 2 at 8–10; *North Carolina v. Butler*, 441 U.S. 369, 373 (1979). Defendant also impliedly waived his rights by continuing to cooperate with SA Voss and answering his questions for nearly an hour without hesitation after hearing his rights. *See United States v. House*, 939 F.2d 659, 662 (8th Cir. 1991) (finding that waiver could be implied from defendant's continued cooperation after being advised of rights). Defendant never expressed that he wanted to stop the interview or stop discussing the strangulation charge, despite SA Voss's reminder that he could "stop talking anytime." Gov't Ex. 2 at 9. These circumstances affirm that Defendant's waiver of his *Miranda* rights was knowing, intelligent, and voluntary and, therefore, effective. *See United States v. Rooney*, 63 F.4th 1160, 1168–69 (8th Cir. 2023) (finding valid waiver where defendant had signed waiver form and had no apparent comprehension issues).

Defendant also reasserts that SA Voss engaged in coercive or deceptive practices—such as making implied threats—that improperly prompted Defendant's *Miranda* waiver and confession. (Doc. No. 54 at 2.) However, the Eighth Circuit has noted that law enforcement commonly utilize tactics such as playing on emotions, using deception, or conveying sympathy. *See U.S. v. Brave Heart*, 397 F.3d 1035, 1041 (8th

4

Cir. 2005). Whether such interview methods are coercive depends on "the overall impact of the interrogation" and whether they "caused the defendant's will to be overborne." *Jenner v. Smith*, 982 F.2d 329, 334 (8th Cir. 1993).

Here, SA Voss used numerous tactics such as sympathizing with Defendant and emphasizing the importance of closure. *See, e.g.*, Gov't Ex. 2 at 32–34. Defendant's responses, however, do not indicate that "the environment and nature of the questioning was so coercive that it overbore his will and critically impaired his capacity for self-determination." *Brave Heart*, 397 F.3d at 1041. Instead, Defendant answers coherently and demonstrates his understanding of what was happening during the interview. *See U.S. v. Astello*, 241 F.3d 965, 968 (8th Cir. 2001) (finding voluntariness where defendant clearly had capacity to understand the interview and weigh his responses). Further, Defendant had dealt with law enforcement before, specifically SA Voss, and therefore would have been able to "more fully comprehend the serious situation in which he found himself." *Id.*

Even considering Defendant's mental condition, as urged in his objection, a finding that he was not competent to stand trial from more than 15 years ago does not outweigh what the much more recent record shows: that Defendant made a "free and unconstrained choice" to discuss the strangulation and confess to his actions. *See* Gov't Ex. 2 at 39–40, 44. Defendant was also found competent to stand trial more recently in 2015. (Doc. No. 51 at 25.)

Defendant's statements to SA Voss were not made because his will was overborne, but because "his conscience prevailed upon him to do so." *Brave Heart*, 397

5

F.3d at 1041. Defendant's objections offer no basis to reject the R&R and suppression of Defendant's statements is not warranted.

## ORDER

Based on the R&R of the Magistrate Judge, and all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections to the Report and Recommendation (Doc. No. 54) are **OVERRULED**;

2. The July 16, 2025 Report and Recommendation (Doc. No. 51) is **ACCEPTED**; and

3. Defendant's Motion to Suppress Evidence (Doc. No. 34) is **DENIED**.

Date: September 29, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge